## AT A CIRCUIT COURT, HELD AT WEST CHESTER FOR CHESTER COUNTY, APRIL, 1807.

CORAM—YEATES, JUSTICE.

## Lessee of Joseph Sharp, by his guardian, Joseph Paxton, jun. *against* John Petit.

A will proved by two witnesses, before a iustice of the peace, and registered, admitted in evidence.

EJECTMENT for a messuage and 100 acres of land, in Sads-
bury township.

The lessor of the plaintiff claimed as heir at law of his father
Joseph Sharp, to whom the premises were devised in fee tail, by
the last will of his grandfather James Sharp, dated 14th Feb-
ruary 1777.

The will was attested by three witnesses, Duncan Morrison,
Samuel Martin and William Livingston. The two latter had
proved the will on the 14th July 1781, before William Clingan,
esq. a justice of the peace for Chester county. Livingston was
now called, and swore to the execution of the will, and the san-
ity of the testator; that Morrison was a schoolmaster, who had
drawn the will, and had left that part of the country many years,
and had not since been heard of; and that Martin, some years
before had removed to Marsh creek, in York county, but how
long since he had been heard of, the witness could not tell.

The counsel for the defendant objected, that the will had not
been duly proved by two witnesses, agreeably to the act of
assembly of 1705. 1 Dall. St. Laws 53. The justice of the
peace had no jurisdiction in taking the probate.

*Sed pur Cur.* It certainly would be more regular to prove the
will before the register of the county; because it is a branch of
*his duty, which he must be supposed to understand bet-      [*414
ter than a justice of the peace. But the act does not
expressly confine the depositions to be taken before the register
within the state; and we well know, that many wills in several
counties, have been proved before justices of the peace. In a
contest, respecting lands, probates of wills have always been
received in evidence; but they are not conclusive.

The defendant shewed in evidence a deed from William Gib-
bons, sheriff, to Thomas Allen, founded on a regular judgment
and executions against Joseph Sharp, the father, dated 20th
September 1785, for 250 acres, comprehending the lands in ques-
tion, in consideration of 386l.; and that Allen came into posses-
sion, in pursuance thereof. A common recovery was afterwards
suffered in February term 1788, wherein Thomas Ross was
demandant, and the said Thomas Allen, tenant; whereupon
Allen vouched Joseph Sharp the tenant in tail, and he vouched
the common vouchee. Sharp conveyed the premises to Allen
on the 17th and 18th March 1788, by deeds of lease and release,
in consideration of 386l. and Allen conveyed to William Petit,
the father of the defendant, on the 29th April 1790, in consid-
eration of 700l.

It was objected here by the plaintiff's counsel, that the recov-
ery was erroneous, there having been no proper tenant to the
præcipe. The interest which the tenant in tail had in the lands,
was such before the sheriff's sale, as might have been enlarged
into an absolute estate in fee simple; but the title was devested

by the sale in such a manner, as he could no longer suffer a common recovery. The seisin of the tenant must be proved, in recent cases. 2 Espin. Dig. 486, 491, 735. Unless he be actually seised of the freehold, the recovery is void. Pig. 28. 2 Bl. Com. 362.

It was answered, that here was a seisin by the tenant, as well *de jure* as *de facto*. Common recoveries are much favoured as common assurances. 2 Bac. 544. 1 Wils. 73. The great question in these cases is, had the tenant in tail, the power of barring the entail ? 1 Burr. 114, 115, 116. The tenant to the præcipe is a mere instrument to validate the recovery. Ib. 117. The inheritance continued in Joseph Sharp, notwithstanding the sheriff's sale ; and hence it was, that his widow recovered her dower in these very lands, in this court. A recovery with double voucher bars all latent interests, and the whole estate tail. 2 Bl. Com. 358. 2 Bac. 448, (526.) The tenant in tail when vouched, comes in privity of all the estate he ever had. 2 *Salk. 571–2. Tenant in tail discontinuing, and taking a new estate, a recovery had against the grantee, who vouches the tenant in tail, the recovery is good. 18 Vin. 212, pl. 11. Pig. 116. A recovery shall be intended to be good, unless the contrary be proved. Cro. Jac. 454–5.

The injurious consequences attending estates tail in England, induced the judges to elude the effect of the statute *de donis conditionalibus*, by the fictitious proceedings in common recoveries, founded on an ideal recompence against the vouchee. Our act of 27th January 1749–50, validates such recoveries, when made according to the common or statute laws of England. The preamble of the law strongly expresses, "that the entailing of "estates, without a provision by law for barring them, would "introduce perpetuities, prevent the improvement of such es-"tates, disable tenants in tail to make provision for the younger "branches of their families, prove of general detriment to the "province, and be attended with manifold inconvenience," &c. 1 Dall. St. Laws 334. And so far has the policy of the state been carried, that by a late act passed on the 16th January 1799, estates tail may be barred by a common deed of bargain and sale, acknowledged in open court. 4 St. Laws 321. And though the deed to make a tenant to the præcipe, be not executed till after the execution of the writ of seisin, still will the recovery be good, if the deed be made within the term in which the recovery is had. 5 Term Rep. 177, 179.

YEATES, J. charged the jury, that the recovery suffered was effectual to bar the estate tail. There is not a shadow of reason, why a fictitious tenant to the præcipe, unaccompanied by the actual possession of that tenant, shall support a common recovery, and that a real *bona fide* purchaser, actually holding the premises during the life of the tenant in tail, should not be equally effectual for that purpose, when the proceedings were

[Sharp's Lessee *v.* Petit.]

carried on with the full concurrence and participation of the tenant *pour auter vie,* and of the remainder man in tail.

Experience has evinced the baneful effects of lands remaining unalienable in a family ; and that system is peculiarly repugnant to our laws and manners. Lord KENYON says, (5 Term Rep. 179,) that the revival of common recoveries was found so beneficial, after the statute *de donis* had passed, that it has been the endeavour of all succeeding ages, to facilitate that mode of conveyance ; care however being taken, that the forms prescribed are complied with. It must be admitted, that to maintain them, there must be the proper *actores fabulæ.*

It has been objected, that the estate of Joseph Sharp, the father, was sold by the sheriff, and that he had no interest re-*maining in the lands. But the right of inheritance cer- [*416 tainly continued in him, and his eldest son must have claimed after his death through him *per formam doni.* The sheriff could only sell the lands during the life of the tenant in tail, until the estate was enlarged by a common recovery. The inheritance remaining in him notwithstanding the sale, it was competent to him, to convert the fee tail into a fee simple estate. At common law, the disseisee, after a disseisin, could neither sell nor devise the lands. 1 Burr. 112. And yet where a writ of entry was brought against a disseisor, and he vouched the tenant in tail, the issue was barred thereby ; (Ib. 116 ;) because he had the right of suffering the recovery. The case cited from Pigot 116, is also applicable. If the recovery is valid, the issue in tail are barred, and the verdict must be for the defendant.

Verdict for the defendant.

Mr. Blair, *pro quer.*

Messrs. T. Ross and J. Hemphill, *pro def.*

The plaintiff afterwards appealed, upon overruling his motion for a new trial ; and the appeal came on to argument on the 26th March 1808, in bank, when the court affirmed the judgment below.

Cited in 5 Rawle 86 in support of the decision that a will of lands may be given in evidence on proof of its execution, notwithstanding a verdict and judgment in an issue of *devisavit vel non* from the Register's Court, against the validity of the will.

Cited in 8 W. & S. 40 to show that a conveyance by sheriff's deed, which, unlike a feoffment, passes no more than the debtor could legally pass, works no discontinuance of the estate ; and the tenant in tail, still being seised of the inheritance, may bar the issue by a common recovery.

Cited in 20 Pa. 295 to show that depositions taken before a justice of the peace may be admitted in evidence as proof of a will.